UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-CV-62899-BLOOM/VALLE

PAULA TYER,

    Plaintiff,

v.

SOUTHWEST AIRLINES, CO.,
f/k/a AIRTRAN AIRWAYS, INC.,

    Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO COMPEL PHOTOGRAPHS**

THIS MATTER is before the Court upon Defendant Southwest Airlines, Co.'s ("Southwest") Motion to Compel Photographs in Response to Request for Production (ECF No. 31). United States District Judge Beth Bloom has referred all discovery matters to the undersigned for disposition. *See* (ECF No. 20). The Court has reviewed the Motion, Plaintiff's Response (ECF No. 32), Southwest's Reply (ECF No. 33), and the relevant law, and is otherwise duly advised in the premises. Accordingly, because post-injury photographs of Plaintiff are relevant to her claims in this case, Defendant's Motion is **GRANTED IN PART AND DENIED IN PART.**

**BACKGROUND**

This case involves an alleged injury suffered by Plaintiff, a disabled military veteran and retired police officer, onboard a Southwest airplane in October 2013. *See* (ECF No. 7). Plaintiff alleges that while boarding a Southwest flight accompanied by a service dog, Southwest's negligence caused her to fall, "severely injuring her back, shoulder, neck and wrist." *Id.* ¶ 10.

As a result of the fall, Plaintiff claims that she underwent spinal surgery and now "can no longer walk unassisted." *Id.* ¶¶ 14, 16.  Plaintiff thus seeks compensatory and punitive damages from Southwest.

On July 7, 2015, Southwest moved to compel Plaintiff to produce "[a]ll photographs taken *of or by* [Plaintiff] at all locations [Plaintiff] visited outside of South Florida since the date of the Flight."[1]  (ECF No. 31 at 2) (emphasis added).  Southwest argues that post-injury photographs are relevant to "Plaintiff's physical condition and limitations since the Flight." *Id.* at 4.  Although Plaintiff concedes that "some photos" may show her post-injury physical limitations, Plaintiff argues that the request is overbroad and encompasses irrelevant and potentially intimate material.  (ECF No. 32 at 3-4).  As a compromise, Plaintiff offers to produce her medical records, together with any photos that Plaintiff herself believes show her physical limitations. *Id.*

## DISCUSSION

The primary goal of discovery is to ferret out evidence of the truth.  *See, e.g.*, *Hickman v. Taylor*, 329 U.S. 495, 501 (1947) (explaining that litigation is a "search for truth"); *Montes v. M & M Mgmt. Co.*, No. 15-8O142-CIV, 2015 WL 4041311, at *3 (S.D. Fla. July 1, 2015) ("The Advisory Committee Notes to Rule 26 explain that '[t]he purpose of discovery is to allow a broad search for facts, the names of witnesses, or any other matters which may aid a party in the preparation or presentation of his case.'" (quoting Adv. Com. Notes, 1946 Amendment, Fed. R. Civ. P. 26.)).  Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[,]" including

---

[1] Specifically, Southwest moved to compel Plaintiff to respond to Request Number 45 in its First Request for Production of Documents.  (ECF No. 31 at 2).  Plaintiff objected to the request as "substantially overbroad, irrelevant, immaterial, and unrelated to any facts which are, or could be related to this case."  (ECF No. 31-2 at 9).

2

photographs. Relevant matter is broadly defined as information that "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Where a plaintiff alleges that a defendant has caused her personal injuries, she places her physical condition at issue. In such situations, a request for post-injury photographs of the plaintiff is reasonably calculated to lead to the discovery of admissible evidence. *See, e.g.*, *Vanderwall v. United Airlines*, No. 14-CV-60256-BLOOM/VALLE (S.D. Fla. Oct. 17, 2014) (ECF No. 62 at 5-6); *Davenport v. State Farm Mut. Auto. Ins. Co.*, No. 3:11-CV-632-J-JBT, 2012 U.S. Dist. LEXIS 20944, at *2 (M.D. Fla. Feb. 21, 2012). For instance, in *Vanderwall v. United Airlines*, a plaintiff sued United Airlines for an alleged slip-and-fall onboard a flight, thereby placing her physical, emotional, and mental condition at issue. No. 14-CV-60256-BLOOM/VALLE (S.D. Fla. Oct. 17, 2014) (ECF No. 62 at 5-6). This Court granted United Airlines' motion to compel the plaintiff to produce all post-injury photographs of herself, finding that those photographs were relevant to her "physical, emotional, or mental state." *Id.* Similarly, in *Davenport v. State Farm Mutual Automobile Insurance Company*, the plaintiff sued for personal injuries, thereby placing her physical condition at issue. The court thus granted the defendant's motion to compel the plaintiff to produce "any photographs depicting her, taken since the date of the subject accident, and posted to a [social networking site], regardless of who posted them." 2012 U.S. Dist. LEXIS 20944 at *2.

This case is no different. Plaintiff alleges that Southwest's negligence caused her to suffer physical injuries so severe that she can now no longer walk unassisted. Plaintiff has thus placed her post-injury physical condition at issue. Therefore, just like in *Davenport* and *Vanderwall*, post-injury photographs of Plaintiff are relevant to her physical condition since the

3

accident. At the same time, however, photos that do not depict Plaintiff are not reasonably calculated to lead to the discovery of admissible evidence.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Southwest's Motion to Compel Photographs in Response to Request for Production is **GRANTED IN PART AND DENIED IN PART** as follows:

(1) Southwest's motion to compel is **GRANTED** insofar as Southwest requests photos "taken of" Plaintiff at all locations outside of South Florida since the date of the accident (October 16, 2013). Plaintiff shall produce all responsive photographs by **August 7, 2015**. However, to the extent any responsive photo depicts any intimate or other highly sensitive matter, Plaintiff may withhold those photos, provided that Plaintiff produces a log listing those photos and detailing the specific reason why the photos are being withheld.

(2) Southwest's motion is **DENIED** insofar as Southwest requests photos "taken by" Plaintiff at all locations outside of South Florida since the date of the accident.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, on July 27, 2015.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Beth Bloom
All Counsel of Record